# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| CRAIG HOLMES, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO. _____ |
| v. | : |
| | : |
| M. BIVINS, PEMBROOKE | : |
| HOMEOWNERS, INC., and TONY | : |
| AQUILA, | : |
| | : |
| Defendants. | : |

## **COMPLAINT**

COMES NOW Plaintiff, Craig Holmes, and respectfully shows as follows,

1.

This is a claim under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments for the illegal arrest of Plaintiff, for search and seizure of Plaintiff's home, and for tortious acts against Plaintiff under the Georgia Constitution and Georgia law.

2.

This Court has jurisdiction under 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

3.

The actions of Defendant Bivins and Defendant Aquila were taken under color of state law.

4.

Each Defendant is a resident of Clayton County in the Northern District of Georgia and subject to the jurisdiction of the Court.

5.

On or about November 10, 2015, Plaintiff was a tenant at the premise owned by Defendant Pembrooke Home Owners, Inc., (hereinafter Pembrooke). He was not a guest as defined by O.C.G.A. §43-2-1.

6.

Pembrooke represents itself as a rooming and boarding house, but did not rent to Plaintiff by the day or week. Nor was Pembrooke an inn under O.C.G.A. §43-21-1.

7.

Plaintiff had paid $600 to Pembrooke on October 30, 2015.

8.

He was asked to leave the premises by Defendant Pembrooke's agents and he agreed to do so without court process if and when his $600 payment was returned to him.

9.

On November 11, 2015, the $600 had not been returned to him.

10.

On November 11, 2015, Plaintiff was within his premise, listening to music. He has some problem hearing so the music was playing a little loud.

11.

The door to the premises was locked and there was no evidence of forced entry. One could only enter by electronic key.

12.

On November 11, 2015, Defendant Bivins was called to the premises to arrest Plaintiff for criminal trespass, even though Plaintiff was a month-to-month tenant.

13.

Defendant Bivins knocked on the door and demanded that Plaintiff open the door. Plaintiff refused to do so.

14.

Plaintiff told the officer about the agreement set out in paragraph 8 and that he had a right to stay until that date.

15.

Defendant Bivins did not ask Defendant Aquila whether or not such statement was true.

16.

Instead he asked Defendant Aquila for the key to the premises and arrested Plaintiff.

17.

Thereafter Defendant Bivins served Plaintiff with a warrant for criminal trespass.

18.

In applying for the warrant, Defendant Bivins failed to tell the Judge of the Magistrate Court that Plaintiff was a tenant of Defendant Pembrooke and that he was not a guest under O.C.G.A. §44-21-1.

19.

Plaintiff was incarcerated for 21 days.

COUNT ONE

20.

Paragraphs 1-15 are realleged as though fully set out.

21.

Defendant Pembrooke is not a Defendant to this count.

22.

The actions of Defendants set out above violated Plaintiff's right to be free of unreasonable search under the Fourth and Fourteenth Amendments.

23.

As a proximate result of Defendants' actions, Plaintiff was damaged in the amount of $150,000.

24.

Because of Defendants' intentional and malicious actions, Plaintiff is entitled to punitive damages in the amount of $250,000 so as to deter Defendants from repeating their wrongful actions.

25.

Plaintiff is entitled to reasonable attorney fees.

COUNT TWO

26.

Paragraphs 1-15 and Paragraphs 23-24 are realleged as though fully set out.

27.

At all times herein, Defendant Aquila was a property manager for Defendant Pembrooke acting within the course and scope of his employment.

28.

The actions alleged herein were in violation of Plaintiff's rights to be free of unreasonable searches under the Georgia Constitution Act I, Sec. I, Para. XIII.

29.

Defendant Bivins actions were taken with malice and with the intent to injure Plaintiff.

30.

Plaintiff is entitled to attorney fees because of the intentional nature of Defendants' actions.

COUNT THREE

31.

Paragraphs 26-27 and 29-30 are realleged as though fully set out.

32.

Defendants' actions violated Plaintiff's right of privacy.

COUNT FOUR

33.

Paragraph 31 is herby realleged as though fully set out.

34.

Defendants' wrongfully evicted Plaintiff from his premises.

COUNT FIVE

35.

Paragraphs 1-21 and 23-25 are realleged as though fully set out.

36.

The actions of Defendants Bivins and Aquila resulted in the unlawful seizure of Plaintiff's leasehold interest in the premises in violation of the Fourth and Fourteenth Amendments.

COUNT FIVE

37.

Paragraphs 1-25 are realleged as though fully set out.

38.

Defendant Bivins is the only Defendant to this count.

39.

Defendant Bivins deliberately failed or with reckless disregard of Plaintiff's rights failed to inform the Magistrate that Plaintiff was a tenant at the place he was arrested in violation of Franks v. Delaware.

COUNT SIX

40.

Paragraphs 1-19 are realleged as though fully set out.

41.

Plaintiff was prosecuted for the offense of criminal trespass under a valid warrant.

42.

The proceedings against Plaintiff were entered as nolle prosequi.

43.

Defendants maliciously instituted such prosecution against Plaintiff.

44.

There was a complete lack of probable cause for the proceeding.

45.

As a proximate cause of Defendants' actions, (Pembrooke is not a Defendant to this count) Plaintiff

46.

Plaintiff is entitled to punitive damages against Defendants Bivins and Aquila in the amount of $500,000.

47.

Plaintiff is entitled to reasonable attorney fees under 42 U.S.C. §1988.

## COUNT SEVEN

48.

Paragraphs 1-2, 4-19, and 27 and 29 are realleged as though fully set out.

49.

As a proximate result, Plaintiff was damaged in the amount of $500,000 by Defendants.

50.

Plaintiff is entitled to punitive damages against all Defendants for intentional and malicious conduct.

51.

Plaintiff is entitled to attorney fees because of Defendants' intentional conduct.

## COUNT EIGHT

52.

Only Defendants Pembrooke Homeowners, Inc. and Tony Aquila are Defendants as to this claim.

53.

Paragraphs 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16 and 27 are realleged as though fully set out.

54.

Plaintiff rented from Defendant Pembrooke for person, family, and household purposes.

55.

At the time Plaintiff rented from Defendant Pembrooke, Plaintiff had not paid a fee to the keeper of an inn for the purpose of entertainment at that inn.

56.

At the time of the incident, Defendant Pembrooke was not a tavern, hotel, or house of public general entertainment for guests. It was not an innkeeper.

57.

At the time of Plaintiff's rental, Defendants did not furnish accommodations on a day-to-day or weekly basis to Plaintiff.

58.

The actions of Defendants as set out above were consumer acts or practices. The actions of Defendants in dispossessing Plaintiff as set out in the letter of March 8, 2016 were a violation of the Georgia Fair Business Practices Act.

59.

The actions taken by Defendants were intentionally taken.

60.

Plaintiff has suffered damages in the amount of $150,000. Such damages should be trebled in light of Defendants' intentional conduct.

61.

Plaintiff is entitled to punitive damages of $500,000 because of Defendants' intentional and malicious conduct.

62.

Plaintiff is entitled to reasonable attorney fees.

WHEREFORE Plaintiff prays:

1) for damages as set out

2) for jury trial

3) for attorney fees

4) for such other and further relief as is just and proper.

Respectfully submitted,

/s/ Ralph Goldberg  
Ralph Goldberg  
Bar No. 299475  
Attorney for Plaintiff

Goldberg & Cuvillier, P.C.  
1400 Montreal Rd. Suite 100  
Tucker, GA 30084  
(770) 670-7343  
(770) 670-7344 FAX

-