IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CRAIG HOLMES,

        Plaintiff,

    v.

M. BIVINS, PEMBROOKE
HOMEOWNERS, INC., and TONY
AQUILA,

        Defendants.

1:16-cv-1161-WSD

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of Plaintiff

Craig Holmes' ("Plaintiff") Complaint [3] pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.   BACKGROUND

On April 11, 2016, Plaintiff filed his Application for Leave to Proceed

*In Forma Pauperis* ("IFP Application") [1].  Plaintiff filed his Complaint the

following day.[1]  On April 13, 2016, Magistrate Judge Walter E. Johnson granted

Plaintiff's IFP Application and Plaintiff's Complaint was submitted to the Court

---

[1]    Plaintiff attached to his IFP Application an earlier version of his complaint.
([1.1]).  On April 12, 2016, he filed a "corrected complaint."  ([2]).  Later that day,
he filed an "amended complaint."  ([3]).  The Court conducts its frivolity review on
the amended complaint.

for its frivolity determination.  ([4]).

The Complaint alleges that, on October 30, 2015, Plaintiff paid $600 to Defendant Pembrooke Home Owners, Inc. ("Pembrooke") for a residential unit in a Pembrooke-owned facility ("Facility") that "represents itself as a rooming and boarding house."  (Compl. ¶¶ 5-7).  Plaintiff claims that he was a "month-to-month tenant" in the Facility.  (Compl. ¶ 12).  The Court assumes, for the purposes of this review, that the $600 Plaintiff paid to Pembrooke was, at least in part, rent for a unit in the Facility.

On or about November 10, 2015, Pembrooke asked Plaintiff to leave the Facility and Plaintiff agreed to do so "if and when his $600 payment was returned to him."  (Compl. ¶ 8).  As of November 11, 2015, Pembrooke had not returned to Plaintiff the $600 that he demanded as a condition to vacating the Facility. (Compl. ¶ 9).

On November 11, 2015, Defendant M. Bivins ("Bivins"), an "officer,"[2] "was called to the [Facility] to arrest Plaintiff for criminal trespass."

---

[2]     Plaintiff does not allege, but the Complaint implies, that Bivins is a law enforcement officer in some local jurisdiction.  The Court assumes, for the purposes of this review, that Bivins is a law enforcement official.  The Court also assumes that Plaintiff brings this action against Bivins in his individual, and not official, capacity because the Complaint names "M. Bivins" as a defendant and does not allege any particular municipality or entity by which he is employed.

(Compl. ¶¶ 12, 14).[3]  Bivins knocked on Plaintiff's door and demanded that he open it.  (Compl. ¶ 13).  Plaintiff refused, explaining that he "had a right to stay" until Pembrooke returned his $600 payment.  (Compl. ¶¶ 13-14).  Bivins then "asked [Defendant Tony Aquila ("Aquila"), a Pembrooke property manager,] for the key to the premises" and Plaintiff ultimately was arrested.  (Compl. ¶¶ 16, 27).  The circumstances of the arrest, such as where and how it occurred, are not alleged in the Complaint.

After making the arrest, "Bivins served Plaintiff with a warrant for criminal trespass."  (Compl. ¶ 17).  Plaintiff alleges that Bivins did not tell the Magistrate Judge, who issued the warrant, that Plaintiff was a tenant at the Facility.  (Compl. ¶ 18).  Plaintiff was incarcerated for 21 days.  (Compl. ¶ 19).  Plaintiff was prosecuted for criminal trespass, but the action was later dismissed based on "nolle prosequi."  (Compl. ¶¶ 41-42).

Plaintiff asserts, pursuant to 42 U.S.C. § 1983, federal claims under the Fourth and Fourteenth Amendments for unlawful search and seizure (Counts 1 and

---

[3]      Plaintiff was inside his unit and his door was locked.  (Compl. ¶¶ 10-11).  He alleges "[o]ne could only enter by electronic key."  (Compl. ¶ 11).

5A),[4] violation of Plaintiff's "right of privacy" (Count 3), a Fourth Amendment violation under Franks v. Delaware, 438 U.S. 154 (1978) (Count 5B), and malicious prosecution (Count 6).  Plaintiff also asserts state law claims for unlawful search and seizure in violation of the Georgia Constitution, GA. CONST. art. I, § I, ¶ XIII (Count 2), "wrongful[] evict[ion]" (Count 4), "intentional and malicious conduct" (Count 7), and a violation of the Georgia Fair Business Practices Act of 1975, O.C.G.A. § 10-1-390 et seq. (Count 8).

## II.   DISCUSSION

### A.   Legal Standard

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted.  28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

---

[4]     The Complaint erroneously uses the title "COUNT FIVE" for two separate counts.  (See Compl. ¶¶ 35-39).  To avoid confusion, the Court refers to the first "COUNT FIVE" as "Count 5A," and the second as "Count 5B."

face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

<u>Iqbal</u>, 556 U.S. at 678 (citing <u>Twombly</u>, 550 U.S. at 556).

      Review for frivolousness, on the other hand, "accords judges not only the

authority to dismiss a claim based on an indisputably meritless legal theory, but

also the unusual power to pierce the veil of the complaint's factual allegations and

dismiss those claims whose factual contentions are clearly baseless."

<u>See</u> <u>Miller v. Donald</u>, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting

<u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has

little or no chance of success," that is, when it appears "from the face of the

complaint that the factual allegations are 'clearly baseless' or that the legal theories

are 'indisputably meritless.'"  <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993)

(quoting <u>Neitzke</u>, 490 U.S. at 327).  "[I]f the district court sees that an affirmative

defense would defeat the action, a [dismissal on the grounds of frivolity] is

allowed."  <u>Clark v. State of Ga. Pardons & Paroles Bd.</u>, 915 F.2d 636, 640

(11th Cir. 1990).

B.   <u>Analysis</u>

"To state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [he was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." <u>Am. Mfrs. Mut. Ins. Co. v. Sullivan</u>, 526 U.S. 40, 49–50 (1999).

Count 1 alleges a violation of "Plaintiff's right to be free of unreasonable search" under the Fourth and Fourteenth Amendments to the United States Constitution.  (Compl. ¶ 22).  This count does not state a claim on which relief can be granted because Plaintiff fails to allege that Defendants searched his person or property.[5]

Count 3 asserts that "Defendants' actions violated Plaintiff's right of privacy."  (Compl. ¶ 32).  Plaintiff does not elaborate on this claim but, even assuming that it arises under federal law,[6] Plaintiff does not allege facts to

---

[5]    It is insufficient that Plaintiff characterizes his claim generally as one "for search and seizure of Plaintiff's home."  (Compl. ¶ 1).  Plaintiff fails to allege facts that plausibly support this theory.

[6]    Although some provisions of the Constitution do protect personal privacy, "a person's general right to privacy . . . is . . . left largely to the law of the individual States."  <u>Katz v. United States</u>, 389 U.S. 347, 350 (1967).  Under the Fourth Amendment, which seems most applicable here, there is no "general constitutional 'right to privacy.'"  <u>Id.</u>  The Fourth Amendment does, however, protect individuals from unreasonable searches and seizures, and those concepts often involve government invasions of a person's "reasonable expectation of

plausibly support it.  For example, he does not allege that any Defendant entered any part of the Facility that Plaintiff allegedly rented, that Defendants searched or seized his property, or that Defendants searched Plaintiff or arrested him without a warrant.  On the contrary, Plaintiff alleges that Bivins obtained a "valid warrant" against Plaintiff for criminal trespass.  (See Compl. ¶¶ 17, 41).[7]  Accordingly, Count 3 fails to state a claim on which relief can be granted.

Count 5A alleges that "[t]he actions of Defendants Bivins and Aquila resulted in the unlawful seizure of Plaintiff's leasehold interest in the premises in violation of the Fourth and Fourteenth Amendments."  (Compl. ¶ 36).  An unconstitutional seizure under the Fourth Amendment "requires an intentional acquisition of physical control."  Brower v. Cty. of Inyo, 489 U.S. 593, 596 (1989).  The Complaint does not plead that Bivins or Aquila intentionally acquired physical control of any part of the Facility that Plaintiff allegedly rented.[8]  Accordingly,

privacy."  United States v. Jones, 132 S. Ct. 945, 950 (2012); Smith v. Maryland, 442 U.S. 735, 740 (1979).

[7]  Plaintiff alleges elsewhere in his Complaint that Bivins made misstatements in his application for a warrant.  (Compl. ¶¶ 18, 39).  This appears to contradict Plaintiff's claim that the warrant was "valid."

[8]  Even if Plaintiff had alleged that Aquila intentionally acquired control of the relevant part of the Facility, Aquila is a private actor and thus could not have seized the Facility "under color of state law" unless (1) "the State . . . coerced or at least significantly encouraged" him to do so; (2) Aquila's seizure of the property amounts to "a public function that was traditionally the exclusive prerogative of

Count 5A fails to state a claim on which relief can be granted.

Count 5B alleges that Bivins "deliberately failed or with reckless disregard of Plaintiff's rights failed to inform the Magistrate that Plaintiff was a tenant at the place he was arrested in violation of Franks v. Delaware[, 438 U.S. 154 (1978)]." (Compl. ¶ 39). Franks established the "constitutional right to be free from officers making 'perjurious or recklessly false statements in support of a warrant.'" Carter v. Gore, 557 F. App'x 904, 907–08 (11th Cir. 2014) (quoting Kelly v. Curtis, 21 F.3d 1544, 1554 (11th Cir. 1994)). Qualified immunity, however, protects officers who make recklessly—but not knowingly—false statements in support of a warrant. See id. at 908; Kelly, 21 F.3d at 1554. Plaintiff here "must allege facts to plausibly suggest that [Bivins] 'did not believe or appropriately accept as true'" his statements to the Magistrate Judge. Carter, 557 F. App'x at 910. "This requires some evidence establishing [Bivins'] subjective belief about the veracity of [his] assertions." Id.

Plaintiff's Complaint alleges that Bivins "deliberately" did not tell the

---

the State"; or (3) "the State had so far insinuated itself into a position of interdependence with [Aquila] that it was a joint participant in the [seizure]." Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001) (quoting NBC, Inc. v. Comm'cns Workers of Am., 860 F.2d 1022, 1026–27 (11th Cir. 1988)). Plaintiff's Complaint does not allege facts supporting any of these circumstances.

Magistrate Judge that "Plaintiff was a tenant" at the Facility.  (Compl. ¶ 39).  The Complaint, however, does not allege that Bivins believed Plaintiff was a tenant.[9]  Accordingly, Count 5B fails to allege facts to support a viable claim for relief.

Count 6 alleges that Bivins and Aquila "maliciously instituted" a criminal trespass prosecution against Plaintiff.  (Compl. ¶¶ 41, 43, 45).  The Eleventh Circuit "has identified malicious prosecution as a violation of the Fourth Amendment and a viable constitutional tort cognizable under § 1983."  Carter, 557 F. App'x at 906 (quoting Wood v. Kesler, 323 F.3d 872, 881 (11th Cir. 2003)).

> To establish a § 1983 malicious prosecution claim, the plaintiff must prove two things: (1) the elements of the common law tort of malicious prosecution; *and* (2) a violation of his Fourth Amendment right to be free from unreasonable seizures.  As to the first prong, the constituent elements of the common law tort of malicious prosecution are: "(1) a criminal prosecution instituted or continued by the present defendant; (2) with malice and without probable cause; (3) that terminated in the plaintiff accused's favor; and (4) caused damage to the plaintiff accused."

Grider v. City of Auburn, Ala., 618 F.3d 1240, 1256 (11th Cir. 2010) (citations omitted) (quoting Wood, 323 F.3d at 882).

---

[9]     Plaintiff allegedly told Bivins that he "had a right to stay" at the Facility until Pembrooke returned Plaintiff's $600 payment.  (Compl. ¶ 14).  That Bivins then arrested Plaintiff without asking Aquila whether Plaintiff's statement was true suggests, if anything, that Bivins did not believe the statement. (See Compl. ¶¶ 15-16).   Because Bivins had been "called to the premises to arrest Plaintiff for criminal trespass," he had reasonable grounds to believe that Plaintiff was trespassing on the property.  (Compl. ¶ 12).

Dismissal on a frivolity review is proper "if the district court sees that an affirmative defense," such as qualified immunity, "would defeat the [claim]." Clark v. State of Ga. Pardons & Paroles Bd., 915 F.2d 636, 640 (11th Cir. 1990); see Sarver v. Jackson, 344 F. App'x 526, 528 (11th Cir. 2009) ("Qualified immunity is an affirmative defense.").  In a Fourth Amendment malicious prosecution case, "[t]o receive qualified immunity, an officer need not have actual probable cause, but only 'arguable' probable cause."  Grider, 618 F.3d at 1257 (quoting Brown v. City of Huntsville, Ala., 608 F.3d 724, 735 (11th Cir. 2010)). Arguable probable cause exists where "an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed." Durruthy v. Pastor, 351 F.3d 1080, 1089 (11th Cir. 2003) (quoting Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997)).

Plaintiff alleges that he was arrested and prosecuted for criminal trespass. Under Georgia state law, a person commits that offense when he "knowingly and without authority . . . [r]emains upon the land or premises of another person . . . after receiving notice from the owner . . . or . . . an authorized representative of the owner . . . to depart."  O.C.G.A. § 16-7-21(b)(3).  According to the Complaint, Plaintiff was inside the Facility on the day of his arrest. (Compl. ¶ 10).  Pembrooke, the owner, had previously asked Plaintiff to leave.

(Compl. ¶ 8).  Although Plaintiff told Bivins that he "had a right to stay" at the

Facility, Bivins had been "called to the premises to arrest Plaintiff for criminal

trespass."  (Compl. ¶¶ 12, 14).  In light of these alleged facts, Bivins could

reasonably have believed that Plaintiff was not a tenant and that there was probable

cause to arrest Plaintiff for criminal trespass.  Accordingly, Count 6 fails because

the facts in the Complaint suggest that Bivins had arguable probable cause to arrest

Plaintiff.[10]

---

[10]   The remaining claims in this action (Counts 2, 4, 7, and 8) involve only state law causes of action, over which the Court may, but is not required to, exercise supplemental jurisdiction.  See 28 U.S.C. § 1367(a) (conferring on district courts supplemental jurisdiction over "claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy").  "The decision on [whether to retain jurisdiction over the state law claims] should be and is vested in the sound discretion of the district court." Rowe v. City of Fort Lauderdale, 279 F.3d 1271, 1288 (11th Cir. 2002).

The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial."  Raney v. Allstate Ins. Co., 370 F.3d 1086, 1089 (11th Cir. 2004) (per curiam) (citing L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 428 (11th Cir. 1984)); see United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").  Because the Complaint fails to plead viable federal claims, the Court declines to consider Plaintiff's state claims.  The Court will consider Plaintiff's state claims if they are asserted in an amended complaint.

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Counts 1, 3, 5A, 5B, and 6 are

**DISMISSED** because they do not allege viable federal claims or are barred by

qualified immunity.  Nevertheless, the Court will allow Plaintiff to file an amended

complaint, on or before May 13, 2016, to address the deficiencies identified in this

order and to plead claims cognizable in this Court.


**SO ORDERED** this 26th day of April, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE